IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| THOMAS CORL and EVEON CORL, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | No. 3:20-cv-00503 |
| v. ) | JUDGE RICHARDSON |
| ) | |
| THE KENAN ADVANTAGE GROUP ) | |
| INC. et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

Pending before the Court is a Motion to Dismiss filed by three Defendants to this action: Kenan Transport, LLC, Jack B. Kelley, LLC, and Jack B. Kelley, Inc. (the "Moving Defendants") (Doc. No. 13, "Motion"). Defendants Kenan Advantage Group and John Doe have not moved to dismiss. Plaintiffs have responded. (Doc. No. 18). Moving Defendants have replied. (Doc. No. 20). The matter is ripe for review.

For the reasons discussed, the Court will grant Moving Defendants' Motion.

### BACKGROUND[1]

---

[1] Some of the facts set forth herein are taken from Plaintiff's Complaint and are accepted as true for the purposes of this motion. (Doc. No. 1-3). In the Complaint, Plaintiff states that she is re-filing the matter pursuant to the Tennessee Savings Statute, Tenn. Code Ann. § 28-1-105. (*Id.*). Despite referencing her previous matter, Plaintiff apparently did not attach to (or file with) her new complaint a copy of the previous complaint or its dismissal. Defendants provided the complaint from the prior lawsuit when removing the action and attached to their Motion. (Doc. No. 1-2; Doc. No. 13-1). Defendants also provided the order dismissing the action attached to their Motion. (Doc. No. 13-4). The Court will later discuss at some length what documents it can appropriately consider on a motion to dismiss. The Court can consider the original complaint and the order dismissing it as they were referenced in the new complaint and are integral to the new complaint, since they serve as the basis for Plaintiffs allegedly being able to file their new complaint despite the limitations period having run. *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008).

1

In this case, Plaintiff Thomas Corl, a maintenance mechanic, was injured by liquefied natural gas (LNG) on March 6, 2018, when a driver (presumably an employee of one of the Defendants) hit a valve with a crescent wrench. (Doc. No. 1-3 at 4).

On March 4, 2019, the current Plaintiffs brought a lawsuit in Davidson County Circuit Court, styled as *Thomas Corl, and wife, Eveon Corl v. Keenan Advantage Group, Inc. d/b/a Kelly Transportation, LLC*, Case No. 19C535 (the "Prior Lawsuit"), against one named defendant, Kenan Advantage Group, Inc. (incorrectly named in the Prior Lawsuit as "Keenan" Advantage Group, Inc.), which is also a Defendant in the current action. (Doc. No. 1-2). The Complaint stated that Kenan Advantage Group, Inc. was doing business as Kelly Transportation, LLC. (*Id.* at 1). After removal to federal court (to this Court in particular, where it was assigned case number 3:19-cv-00300), Plaintiffs voluntarily dismissed the action without prejudice, and the Court entered an order noting the joint stipulation of dismissal without prejudice. (Doc. No. 13-4).

On May 14, 2020, Plaintiffs brought a new lawsuit in Davidson County Circuit court entitled *Thomas Corl, and wife, Eveon Corl v. The Kenan Advantage Group, Inc., Kenan Transport, LLC, Jack B. Kelley, LLC, Jack B. Kelley, Inc., and John Doe*, Case No. 20C1039. (Doc. No. 1-3). Though Kenan Advantage Group, Inc. was again named as a Defendant, Plaintiffs added Defendants Kenan Transport, LLC, Jack B. Kelley, LLC, Jack B. Kelley, Inc., and John Doe. Defendants in the second lawsuit removed the case—which is the instant case—to this Court based on diversity jurisdiction. (*Id.*).

In the complaint in the Prior Lawsuit, Plaintiffs brought a claim for negligence. (Doc. No.1-2). In the complaint in this lawsuit, Plaintiffs recite facts similar to (though more detailed than) the facts alleged in the Prior Lawsuit, and again brings a claim for negligence (and only for negligence). (Doc. No. 1-3).

2

After removing the case to this Court, Moving Defendants filed the present Motion. The Motion is premised on the statute of limitations, claiming that the action was not filed within the applicable limitations period. Moving Defendants are clear in the Motion that they are seeking dismissal pursuant to Rule 12(b)(6), rather than summary judgment pursuant to Rule 56.

## LEGAL STANDARD

For purposes of a motion to dismiss under 12(b)(6),[2] the Court must take all of the factual allegations in the complaint as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Id*. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id*. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Id*. at 1950. A legal conclusion, including one couched as a factual allegation, need not be accepted as true on a motion to dismiss, nor are mere recitations of the elements of a cause of action sufficient. *Id*.; *Fritz v. Charter Township of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010), *cited in Abriq v. Hall*, 295 F. Supp. 3d 874, 877 (M.D. Tenn. 2018). Moreover, factual allegations that are merely *consistent* with the defendant's liability do not satisfy the claimant's burden, as mere consistency does not establish *plausibility* of entitlement to relief even if it supports the *possibility* of relief. *Iqbal*, 556 U.S. at 678.

---

[2] The Court will discuss later in this opinion that although Rule 12(b)(6) is often not the appropriate vehicle to dismiss a claim based on the statute of limitations, this Motion was appropriately brought under Rule 12(b)(6).

3

In determining whether a complaint is sufficient under the standards of *Iqbal* and its predecessor and complementary case, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), it may be appropriate to "begin [the] analysis by identifying the allegations in the complaint that are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 680. This can be crucial, as no such allegations count toward the plaintiff's goal of reaching plausibility of relief. To reiterate, such allegations include "bare assertions," formulaic recitation of the elements, and "conclusory" or "bold" allegations. *Id.* at 681. The question is whether the remaining allegations—factual allegations, *i.e.*, allegations of factual matter—plausibly suggest an entitlement to relief. *Id*. If not, the pleading fails to meet the standard of Federal Rule of Civil Procedure 8 and thus must be dismissed pursuant to Rule 12(b)(6). *Id.* at 683.

As a general rule, matters outside the pleadings may not be considered in ruling on a motion to dismiss under Rule 12(b)(6) unless the motion is converted to one for summary judgment under Rule 56. Fed. R. Civ. P. 12(d). When a document is referred to in the pleadings and is integral to the claims, it may be considered without converting a motion to dismiss into one for summary judgment. *Doe v. Ohio State Univ.,* 219 F.Supp.3d 645, 652-53 (S.D. Ohio 2016); *Blanch v. Trans Union, LLC*, 333 F. Supp. 3d 789, 791-92 (M.D. Tenn. 2018).

## DISCUSSION

A. <u>Conversion into Summary Judgment</u>

Plaintiffs argue that the Court should convert the Motion into one for summary judgment. (Doc. No. 18 at 1). Plaintiffs seem to imply (albeit without clearly arguing) conversion is warranted because Moving Defendants have attached exhibits (filed as Docket Nos. 13-1 through 13-5) to their Motion. (*Id.* at 2-3).

4

Fed. Rule of Civ. P. 12(d) states that "[i]f, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." However, there is an exception to this Rule: "When a court is presented with a Rule 12(b)(6) motion, it may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008); *see also Herpst v. Parkridge Med. Ctr., Inc.*, No. E201700419COAR3CV, 2018 WL 4052208, at *3 (Tenn. Ct. App. Aug. 23, 2018); *Doe*, 219 F. Supp. 3d at 652-53; *Blanch*, 333 F. Supp. 3d at 791-92. The use, in this context, of a document in the public record is proper only for the fact of the document's existence, not for the truth of the matters asserted in the document. *Passa v. City of Columbus*, 123 F. App'x 694, 697 (6th Cir. 2005). "Further, in general a court may only take judicial notice of a public record whose existence or contents prove facts whose accuracy cannot reasonably be questioned." *Id.* Moving Defendants attached to their Motion several exhibits.[3] Plaintiffs seem to take particular issue with one document included within one of the attached exhibits, *i.e.*, the Declaration of Brian Wymer, which is found at pages 14-15 of Docket No. 13-2. (Doc. No. 18 at 3). Moving Defendants argue that the Court can properly consider this Declaration as a public record, and they also note that they do not rely on

---

[3] Relating to the Prior Lawsuit, Defendants filed Plaintiff's Complaint (Doc. No. 13-1), the Notice of Removal (Doc. No. 13-2), the Answer (Doc. No. 13-3), and the order of dismissal (Doc. No. 13-4). Relating to the current lawsuit, Defendants filed Plaintiffs' Complaint. (Doc. No. 13-5).

5

the Declaration as factual support for their Motion.[4] (Doc. No. 20 at 4). Instead, Plaintiffs are the ones who rely on the Declaration in their Response. (Doc. No. 18 at 2-3).

Without deciding the extent to which the declaration could be considered on this Motion, the Court will exclude the declaration from consideration in ruling on this Motion. Therefore, the fact that it was filed by Moving Defendants, and relied upon by Plaintiffs, in connection with the Motion does not support Plaintiffs' argument that this Motion should be considered as a motion for summary judgment.

Therefore, the Court finds that the Motion is properly before it as a Motion to Dismiss, and it is not required to treat it as a motion for summary judgment.

B.  Discovery

Plaintiffs additionally claim that they should be allowed to take discovery in this matter before the Court rules on this Motion. Plaintiffs specifically request leave to depose Wymer and to take any additional discovery necessary. (Doc. No. 18 at 3). In their Response, Plaintiffs cite no legal authority for their request to take discovery. Plaintiffs filed a declaration with their Response which stated that, though this is not a Rule 56 motion, counsel believes it necessary to take additional discovery to properly respond to the Motion. (Doc. No. 18-1 at 2). Therefore, it seems that Plaintiffs are attempting to rely on Fed. R. Civ. P. 56(d), which states:

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition [to a motion for summary judgment], the court may:

---

[4] One might ask why Moving Defendants would point out that this Court *can* consider this declaration (as a public record), only to turn right around and essentially say that they are not even asking the Court to consider it. The answer, the Court infers, is that Moving Defendants mean that even if the Court were to consider the declaration (at *Plaintiff*s' rather than Moving Defendants' request), such consideration would not support converting their motion to dismiss into a summary judgment motion. In any event, as noted, the Court is not considering this declaration, as a public record or otherwise, for any purpose in deciding the Motion.

> (1) defer considering the motion or deny it;
>
> (2) allow time to obtain affidavits or declarations or to take discovery; or
>
> (3) issue any other appropriate order.

Fed. R. Civ. P. 56(d). This rule, which applies to motions for summary judgment, does not apply to motions to dismiss for failure to state a claim. *See e.g.*, *Lamothe v. Wells Fargo Bank*, N.A., No. 15-CV-10701, 2015 WL 4066766, at *4 (E.D. Mich. July 2, 2015), *aff'd* (Mar. 24, 2016); *Jelsma v. Knox Cty., Tennessee*, No. 3:14-CV-351-TAV-CCS, 2015 WL 13216641, at *4 (E.D. Tenn. Sept. 21, 2015), *aff'd sub nom. Jelsma v. Knox Cty.*, 673 F. App'x 525 (6th Cir. 2017). Plaintiffs, having lost their bid for the Motion to be considered as one for summary judgment, therefore cannot rely on Rule 56(d) to support their request for additional discovery. And to the extent that Plaintiffs would assert alternatively that this rule should apply to a motion to dismiss for failure to state a claim, Plaintiffs cite no authority support this assertion, which runs counter to the above-cited authority.[5]

In reply to Plaintiffs' request for discovery, Moving Defendants argue that "whether the Moving Defendants had 'constructive notice' of the prior lawsuit is irrelevant to the Motion. The Tennessee Savings Statute requires complete identity of parties between the prior and current

---

[5] Even if Plaintiffs are not relying on Rule 56 as the Court believes they are, the Court would not allow discovery at this stage. The problem for Plaintiff is not just that Rule 56(d) does not support additional discovery for the purpose of responding to a Rule 12(b)(6) motion to dismiss, but also that no other legal principles do, either; quite the contrary, because "a plaintiff is generally not entitled to discovery before a motion to dismiss has been decided, and allowing such discovery undermines the purpose of Federal Rule of Civil Procedure 12(b)(6), which is 'to enable defendants to challenge the legal sufficiency of complaints without subjecting themselves to discovery.'" *Greve v. Bass*, No. 3:16-CV-372, 2017 WL 387203, at *2 (M.D. Tenn. Jan. 27, 2017) (denying a plaintiff's motion to take discovery before responding to a motion to dismiss) (quoting *Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 566 (6th Cir. 2003)).

7

lawsuits. No amount of discovery will change the fact that Plaintiffs did not name the Moving Defendants in the prior lawsuit." (Doc. No. 20 at 2). Though, as discussed below, the Court does not find whether Moving Defendants had constructive notice to be irrelevant,[6] the Court will not grant Plaintiffs additional discovery in this matter, as Plaintiffs seem to rely upon a rule that applies only to a motion for summary judgment, and the Court has declined to construe this Motion as such.

---

[6] Defendants also discuss notice in their Motion. (Doc. No. 14 at 9). So, despite this argument in their Reply, it seems that Defendants would agree with the Court that notice is not irrelevant.

C. Applicability of the Savings Statute

Moving Defendants argue that the Complaint in this matter was filed outside the limitations period,[7] and that the Tennessee Savings Statute ("Savings Statute") does not apply. (Doc. No. 14 at 1-2).[8] Plaintiffs provide no substantive analysis of these issues. (Doc. No. 18).

---

[7] The undersigned will highlight a few important points regarding the terminology used herein, by reference to something he wrote years ago:

> On the subject of limitations, courts often use language loosely, interchanging various terms for one another. For maximum clarity, terms must be defined so that important concepts are distinguishable from one another, then used consistently in accordance with those definitions. Herein, legal authorities will be paraphrased in terms of the following definitions to convey the concepts expressed therein, regardless of the terms used (or misused) by the authority being cited.
>
> As used herein, a "statute of limitations" refers to a legislative enactment, or codification thereof, that sets forth a limitations period. . . . A "limitations period" refers to the length of time-the specific number of days, months, or years-in which a given claim can be commenced, as set forth in a statute of limitations. "Limitations" [refers] to the legal doctrine whereby a plaintiff is barred from bringing a claim based upon the lapse of the applicable limitations period. To say that limitations "applies" is to say that, under limitations law, a claim is time-barred. "Limitations law" refers to the entire body of rules, both statutory and judge-made, by which courts determine whether limitations applies in a given case.

Eli J. Richardson, *Eliminating the Limitations of Limitations Law*, 29 Ariz. St. L.J. 1015, 1017–19 (1997).

[8] The undersigned has previously provided the following explanation of "saving statutes," together with an acknowledgment that they can, as in the present case, spawn litigation over their applicability:

> Savings statutes generally provide that when an action is not barred by limitations, but is dismissed for reasons unrelated to the merits, then recommenced within [a specified period of] months, limitations will not apply to the refiled action. If applicable, a savings statute "saves" a claim that otherwise would be barred because it is commenced (the second time) after expiration of the limitations period. Thus, litigation can arise over the applicability of a savings statute.

Richardson, *supra*, at 1074 n.172.

9

The statute of limitations is an affirmative defense. Fed. R. Civ. P. 8(c). A plaintiff does not need to plead the lack of an affirmative defense to state a valid claim. *Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012). "For this reason, a motion under Rule 12(b)(6), which considers only the allegations in the complaint, is generally an inappropriate vehicle for dismissing a claim based upon the statute of limitations. But, sometimes the allegations in the complaint affirmatively show that the claim is time-barred. When that is the case . . . dismissing the claim under Rule 12(b)(6) is appropriate." *Id.*; *see also Alsbrook v. Concorde Career Colleges, Inc.*, 469 F. Supp. 3d 805, 823 (W.D. Tenn. 2020). When a defendant establishes its entitlement to a statute-of-limitations defense, a plaintiff bears the burden of establishing an exception to the applicability of limitations to bar the claim. *See e.g.*, *Moreno v. City of Clarksville*, 479 S.W.3d 795, 801 (Tenn. 2015); *Deal v. Hastings*, No. W200300912COAR3CV, 2003 WL 23100341, at *1 (Tenn. Ct. App. Dec. 22, 2003).

"The statute of limitations of the forum state applies in federal diversity cases." *Atl. Richfield Co. v. Monarch Leasing Co.*, 84 F.3d 204, 205 (6th Cir. 1996) (citing *Walker v. Armco Steel Corp.*, 446 U.S. 740, 753 (1980)). The limitations period for personal injury and for loss of consortium in Tennessee is one year. Tenn. Code Ann. § 28-3-104(a)(1)(A); *In Re Aredia*, No. 3:06-MD-1760, 2010 WL 3782109, at *2 (M.D. Tenn. Sept. 22, 2010) (noting the one-year limitations period for consortium claims). "To determine the date on which the one-year [limitations period] began to run, we must ascertain when Plaintiffs' claims accrued. Generally, a cause of action accrues and the [limitations period] begins to run on the date when the injury occurs." *Woodruff by & through Cockrell v. Walker*, 542 S.W.3d 486, 494 (Tenn. Ct. App. 2017). The events giving rise to Plaintiffs' cause of action allegedly occurred in March 2018, and the current lawsuit was brought in May 2020, over two years later. (Doc. No. 14 at 1-2). Therefore,

10

Moving Defendants have shown the Court that this case was filed outside of the one-year limitations period and have appropriately brought this Motion as a 12(b)(6) motion, as it is apparent from the face of the Complaint that the (sole) claim therein was brought outside the applicable limitations period. *See Cataldo*, 676 F.3d at 547. In order to overcome Moving Defendants' statute-of-limitations defense, Plaintiffs carry the burden of establishing that this case falls within an exception to limitations.

In their Complaint, Plaintiffs claim that the Savings Statute applies to this case. (Doc. No. 1-3 at 1). Curiously, Plaintiffs do not discuss, or even mention, the Savings Statute in their Response to the Motion. (Doc. No. 18). The Savings Statute states:

> If the action is commenced within the time limited by a rule or statute of limitation, but the judgment or decree is rendered against the plaintiff upon any ground not concluding the plaintiff's right of action . . . the plaintiff, or the plaintiff's representatives and privies, as the case may be, may, from time to time, commence a new action within one (1) year after the reversal or arrest.

Tenn. Code Ann. § 28-1-105. Essentially, as indicated in a footnote above, the Savings Statute allows a plaintiff who initially brought an action within the limitations period, but whose action ended without being decided on the merits, to bring his or her claim again within one year after the action was terminated without being barred by limitations even if the applicable limitations period had already expired. *E.g.*, *McGee v. Jacobs*, 236 S.W.3d 162, 165 (Tenn. Ct. App. 2007) ("The purpose of the statute is to give plaintiffs a 'brief period' within which to re-file their suit after it has been concluded on a basis other than dismissal on the merits.").

"Because Tennessee law favors the resolution of disputes on their merits, the savings statute must be given a broad and liberal construction." *Foster v. St. Joseph Hosp.*, 158 S.W.3d 418, 422 (Tenn. Ct. App. 2004). The purpose of the savings statute "is to provide a diligent plaintiff with an opportunity to renew its suit if its complaint is dismissed by any judgment or decree that does not conclude its right of action. While the statute should be construed liberally, it should not

11

be used to insulate a plaintiff from its own laches, negligence, or other similar fault." *Turner v. Aldor Co. of Nashville*, 827 S.W.2d 318, 320 (Tenn. Ct. App. 1991) (internal citations omitted). The Savings Statute should be applied by a federal court hearing a claim in diversity. *See Advey v. Celotex Corp.*, 962 F.2d 1177, 1182 (6th Cir. 1992). "The savings statute applies only when the new complaint and the original complaint are substantially for the same cause of action. There must be an identity of the parties in order for the new and original complaints to be substantially the same." *Turner*, 827 S.W.2d at 321 (internal citation and quotation marks omitted). The parties do not seem to dispute that the Complaint in this action and the complaint in the Prior Lawsuit are for the same cause of action, and so the Court's analysis will focus on whether the parties in this action are the same ones that were present in the first action.

      As previously noted, none of the three Moving Defendants were named as defendants in the Prior Lawsuit. The general rule is that the Savings Statute applies only if the same defendants are sued in the second action. *Id.*; *Goss v. Hutchins*, 751 S.W.2d 821, 826 (Tenn. 1988) ("As the parties in the first action are identical to the parties in the second action, and as the second action was filed within one year of the voluntary non-suit, the savings statute is applicable to the instant case."); *Moran v. Weinberger*, 149 Tenn. 537, 260 S.W. 966, 968 (1924) ("The cause of action and the parties are fixed."), *abrogated on other grounds by Ware v. Meharry Med. Coll.*, 898 S.W.2d 181 (Tenn. 1995); *Hughes v. Brown*, 88 Tenn. 578, 13 S.W. 286, 288 (1890) ("This suit is therefore not against the same parties who were defendants to the former suit, and the two suits cannot be so connected as to save the bar of the statute."). For example, in *Turner*, on which Moving Defendants heavily rely in their briefing, a plaintiff filed an action against two defendants, one of whom (Aldor) who filed a third-party complaint against another party (Overhead). 827 S.W.2d at 320. The action was voluntarily nonsuited. *Id.* Within three months thereafter, plaintiff

12

filed another suit, this time against Aldor and Overhead; this suit, however, was dismissed by agreement. *Id.* Then, just more than one year after that dismissal, plaintiff again filed suit, this time again against Aldor and Overhead. *Id.* Overhead thereafter moved to dismiss the complaint as time-barred. *Id.* The court found that the Savings Statute did not apply to save the claims against Overhead, which had not been a party to the original action. *Id.* at 321. In discussing the related principle of relation back,[9] the Court reasoned that the third party was not on notice as to the claims against it:

> The filing of [Original Defendant's] third-party complaint did not necessarily put [Third Party] on notice that [Plaintiff] intended to assert a claim directly against it. [Original Defendant's] third-party complaint had no legal significance with regard to any claim [Plaintiff] might have had against [Third Party]. It signified only that [Original Defendant] had decided to assert its own claim against [Third Party]. From [Third Party's] vantage point, it would have been reasonable to conclude that [Plaintiff] had decided to proceed only against [Original Defendant].

*Id.* at 321-22. The court ultimately found that "the savings statute . . . [cannot] insulate [plaintiff] from the consequences of an inadequate pre-complaint investigation." *Id.* at 323.

"The party identity requirement, however, is not inflexible." *D.B. By & Through Lundy v. Shelby Cty. Health Care Corp.*, No. 2:17-CV-2806, 2019 WL 945948, at *3 (W.D. Tenn. Feb. 26, 2019) ("*Lundy*"). The Tennessee Supreme Court has held that "notice to the party affected is the true test of the [Savings S]tatute's applicability." *Henley v. Cobb*, 916 S.W.2d 915, 917 (Tenn.

---

[9] At least one court has indicated that the Savings Statute should be interpreted as analogous to the related state-law principle of relation back. *Lundy*, 2019 WL 945948, at *6. Plaintiffs have not asserted this position or made an argument that Moving Defendants: "(1) [have] received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party." Tenn. R. Civ. P. 15.03.

13

1996); *see also Rhodes v. Bombardier Capital, Inc.*, No. 3:09-CV-562, 2010 WL 3861074, at *3 (E.D. Tenn. Sept. 24, 2010). And if notice *is* the "true" test, then party identity is *not*.[10]

Consistent with this reality, the Court is aware of at least three Tennessee decisions that have concluded the Savings Statute applied to a new or amended complaint that was filed after the relevant limitations period had run and named a new party not named in the initial complaint. *Goss v. Hutchins*, 751 S.W.2d 821 (Tenn. 1988) (finding that savings statute applied when representative of estate was a defendant to both actions, despite not being included in the caption in the first case); *Foster*, 158 S.W.3d 418 (noting the complication of deciding the proper plaintiff in a wrongful death action and finding that savings statute applied when a party with representative capacity for the decedent's wife was added as a plaintiff in the second action); *Sowell v. Estate of Davis*, No. W200900571COAR3CV, 2009 WL 4929402, at *1 (Tenn. Ct. App. Dec. 21, 2009) (applying the savings statute when defendant died while first action was pending and then the estate was named as defendant in second action); *see also Lundy*, 2019 WL 945948, at *3 (collecting the three cases and discussing them at length, ultimately reasoning that a new defendant had notice of the action and was a defendant previously, though not named in the original complaint).

---

[10] In *Turner*, the court found that the savings statute did not apply when a party knew of a lawsuit, but was not on notice that a lawsuit would eventually be brought against it. 827 S.W.2d at 321-22. Though the court made this finding in the context of relation back, at least one court has noted the statutes should be interpreted as analogous. *Lundy*, 2019 WL 945948, at *6. This indicates to the Court that the type of notice (of a defendant asserting limitations in a lawsuit) at issue is such defendant's notice (at the time of the *prior* lawsuit) that the plaintiff in the prior lawsuit intends to bring claims against it specifically; it appears that such defendant's mere notice of the existence of the prior lawsuit does not constitute the kind of notice at issue here, at least if such defendant was not named as a party in that prior lawsuit.

14

These cases bear out that notice, and not party identity, is of "paramount importance," *Henley*, 916 S.W.2d at 917. Thus, the Court must conclude, with some regret,[11] that the party identity "requirement," far from being merely "not inflexible," is not a requirement at all—at least not one worth paying much attention to. Although party identity purportedly is a general requirement, in truth it really is not, since failure to satisfy it is immaterial as to any defendant who had actual notice of the plaintiff's intent to bring a claim against it. So, in accordance with *Henley*, the Court will focus on notice.

Plaintiffs seem to accept in their briefing that Moving Defendants did not have actual notice of the litigation, and Plaintiffs do not point the Court to any authority that constructive notice, even if it could be shown to have existed in this case, would be enough for the Savings Statute to apply.

Plaintiffs have mentioned (cursorily) the Savings Statute only once, in their Complaint. Plaintiffs did not address the Savings Statute in their Response to the Motion. (Doc. No. 18). Plaintiffs mention in their Response that they believe that Moving Defendants perhaps had "constructive notice" of the lawsuit, though they seem to admit that Defendants lacked actual notice. (Doc. No. 18 at 3). Plaintiffs argue that:

---

[11] One could be forgiven for feeling a sense of frustration at the unnecessary confusion as to what rule or rules are actually applicable here. One might wonder, is there really a party identity requirement at all, if in fact the actual test for applying the Saving Statute is actual notice to the defendant? Whether a defendant had actual prior notice of the plaintiff's intent to assert a claim against it is simply and undeniably a different question than whether the defendant had been a party to the prior suit. If notice is the "true" test, one might ask why judges and attorneys should be paying any attention to the identity-of-parties rule, which appears to ultimately be disregarded. Unfortunately, as the undersigned previously has noted, in American jurisprudence in the limitations area, this sort of practice—stating and/or paying lip service to a rule that ultimately does not even get at what courts truly care about and base their decisions upon—historically has not been uncommon. Richardson, *supra*, at 1052 (noting the unfortunate judicial practice in the limitations area of "stating rules and then ignoring them"); *id.* at 1016 (lamenting that in the limitations area, courts are confronted with stated rules that ultimately are irrelevant to the considerations that courts themselves recognize to be the ones that truly matter).

15

> What Mr. Wymer does not state in either Declaration, but what is necessary for the plaintiffs to properly respond to the Motion to Dismiss of the moving defendants, is whether or not there is any affiliation between KAG Leasing, Inc. and any of the other defendants, or with Mr. Wymer's employer, KAG Services, Inc. If any such affiliation is, in fact, present, then, depending on the affiliation(s) existing, an argument could be made that the moving defendants, while perhaps not having actual notice of the lawsuit within the applicable statute of limitations for the State of Tennessee, one year, as found at T. C. A. § 28-3-104, had constructive notice of the filing of suit on March 4, 2019 and, as a result, the moving defendants should not be dismissed from this litigation at this juncture.

(*Id.* at 2-3).

This belief that "constructive notice" is attributable to Moving Defendants seems to be based on the declarations submitted by defendants to each matter when removing each matter,[12] which indicate that Wymer's employer, KAG Services, Inc. is a subsidiary of Kenan Advantage Group, Inc., a Defendant who is not one of the Moving Defendants. (*Id.* at 2). Moving Defendants Kenan Transport, LLC, and Jack B. Kelley, LLC, share one common member (the sole member of each): KAG Leasing, Inc. (*Id.*). The third Moving Defendant, Jack B. Kelley, Inc., has been inactive since 2014, and it is the predecessor-in-interest to Moving Defendants Jack B. Kelley, LLC. (*Id.*). Therefore, it seems that Plaintiffs wish to link, based on the similar names, KAG Leasing, Inc. (the sole member of both Moving Defendant Kenan Transport, LLC, and Moving Defendant Jack B. Kelley, LLC) with KAG Services, Inc. (who is not a Defendant to this action, but who is a subsidiary of Kenan Advantage Group, Inc., a party to both actions). Defendant Jack B. Kelley, Inc., as the predecessor in interest to Jack B. Kelly, LLC, is presumably tied to KAG Leasing, Inc. (which, in turn, is theoretically tied to Kenan Advantage Group, Inc.) in the same way that Jack B. Kelly, LLC is. (*Id.* at 2-3). In other words, Plaintiffs appear to seek to link Moving

---

[12] The Court has previously noted that it has not considered Wymer's Declaration attached to this Motion in reaching this decision. In referencing Plaintiff's arguments based on this Declaration in this paragraph, the Court does not mean to imply that it (as opposed to Plaintiffs) is relying on the Declaration.

16

Defendants with the sole defendant in the Prior Lawsuit (Kenan Advantage Group, Inc.), based on their being solely owned by a corporation with a name similar to a corporation that is a subsidiary of the sole defendant in the prior lawsuit. But the mere existence of these relationships is far too attenuated to attribute constructive notice to Moving Defendants that Plaintiffs intended to sue them; the mere fact that Plaintiffs sued Kenan Advantage Group. Inc. in the Prior Lawsuit does not suggest that Moving Defendants, based on their supposed relationship (such as it was) with Kenan Advantage Group, Inc., should have known of Plaintiffs' intent to sue them.

Plaintiffs have the burden of proving an exception to the statute of limitations and yet have made very little attempt to do so. The Moving Defendants were not party to the previous action, and there is no indication that they had notice they would be party to the second action. The only similarity the Court has been presented with by Plaintiffs is the similarity of the name of the sole member of two of the Moving Defendants with the name of an entity that is not a Defendant to this action, but is a subsidiary of a Defendant. Even if by this similarity of names the Court could infer that Moving Defendants had notice of the lawsuit against Defendant Kegan Advantage Group, Inc., there is no indication that Moving Defendants should have understood the lawsuit against Defendant Kegan Advantage Group, Inc. as also portending claims against Moving Defendants. Like the third party in *Turner*, which could have reasonably inferred that the plaintiff had chosen only to bring an action against one defendant, and not the third party, the Savings Statute does not apply here to save Plaintiffs' claims against Moving Defendants; even if Moving Defendants knew of the action, they could reasonably have inferred Plaintiffs had chosen not to bring claims against them. 827 S.W.2d at 321-22. Additionally, "the savings statute . . . [cannot] insulate [plaintiff] from the consequences of an inadequate pre-complaint investigation." *Id.* at 323.

For the reasons discussed, the Court does not find Plaintiffs to have met their burden of proving an exception to the application of limitations.

## **CONCLUSION**

For the reasons discussed, the Court will grant Moving Defendants' Motion. The claims against Defendants Kenan Transport, LLC, Jack B. Kelley, LLC, and Jack B. Kelley, Inc. will be dismissed with prejudice. The parties will be dismissed from this action.

An appropriate order will be entered.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE