IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| THOMAS CORL and EVEON CORL, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | NO. 3:20-cv-00503 |
| v. | ) | JUDGE RICHARDSON |
| | ) | |
| THE KENAN ADVANTAGE GROUP INC. et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Kenan Advantage Group, Inc.'s Motion for Summary Judgment and to Dismiss (Doc. No. 30, "Motion"), filed along with a supporting Memorandum of Law[1] (Doc. No. 31) and a Statement of Undisputed Material Facts (Doc. No. 32). Via the Motion, Defendant argues that: 1) summary judgment should be granted to Defendant because it is not a proper defendant in the lawsuit and any alleged parent-subsidiary relationship between the Defendant and previously dismissed defendants is irrelevant because they are legally separate and distinct entities; and/or 2) the case should be dismissed for lack of personal jurisdiction under Rule 12(b)(2).

---

[1] The Motion is entitled Motion for Summary Judgment *and* to Dismiss (Doc. No. 30) (emphasis added), while the supporting memorandum is entitled Memorandum of Law in Support of Motion for Summary Judgment *or* to Dismiss (Doc. No. 31) (emphasis added). Though this distinction may seem insignificant, as the Court will go on to explain, it is actually quite important for the Defendant to clearly articulate whether he seeks dismissal for lack of personal jurisdiction *in the alternative*, or whether he seeks *both* summary judgment *and* dismissal for lack of personal jurisdiction. By giving these filings inconsistent titles, Defendant adds to the confusion regarding what exactly it seeks via the Motion.

# BACKGROUND

1. Procedural background

On March 4, 2019, the current Plaintiffs brought a lawsuit in Davidson County Circuit Court, styled as *Thomas Corl, and wife, Eveon Corl v. Keenan Advantage Group, Inc. d/b/a Kelly Transportation, LLC*, Case No. 19C535 (the "Prior Lawsuit"), against one named defendant, Kenan Advantage Group, Inc. (incorrectly named in the Prior Lawsuit as "Keenan" Advantage Group, Inc.), which is the only remaining Defendant in the current action. (Doc. No. 1-2). The Complaint stated that Kenan Advantage Group, Inc. (hereinafter "Kenan Advantage" or "Defendant") was doing business as Kelly Transportation, LLC. (*Id.* at 1). After removal to federal court (to this Court in particular, where it was assigned case number 3:19-cv-00300), the parties filed a joint stipulation of dismissal (Prior Lawsuit, Doc. No. 9, "Joint Stipulation"). Thereafter, the Court entered an order acknowledging the filing of the Joint Stipulation and noting that the effect of the filing was that the Prior Lawsuit was dismissed without prejudice. (Prior Lawsuit, Doc. No. 10).

On May 14, 2020, Plaintiffs brought a new lawsuit in Davidson County Circuit court entitled *Thomas Corl, and wife, Eveon Corl v. The Kenan Advantage Group, Inc., Kenan Transport, LLC, Jack B. Kelley, LLC, Jack B. Kelley, Inc., and John Doe*, Case No. 20C1039. (Doc. No. 1-3). Though Kenan Advantage was again named as a defendant, Plaintiffs added Defendants Kenan Transport, LLC, Jack B. Kelley, LLC, Jack B. Kelley, Inc., and John Doe. Defendants in the second lawsuit removed the case—which is the instant case—to this Court based on diversity jurisdiction. (*Id.*).

In the complaint in the Prior Lawsuit, Plaintiffs each brought a claim for negligence and Plaintiff Eveon Corl brought a derivative claim for loss of consortium. (Doc. No. 1-2). In the

complaint in this lawsuit, Plaintiffs recite facts similar to (though more detailed than) the facts alleged in the Prior Lawsuit, and again each bring a negligence claim and a derivative loss of consortium claim by Plaintiff Eveon Corl. (Doc. No. 1-3).

After removing the case to this Court, Defendants Kenan Transport, LLC, Jack B. Kelley, LLC, Jack B. Kelley, Inc. filed a Motion to Dismiss pursuant to Rule 12(b)(6) on statute of limitations grounds (Doc. No. 13), which the Court granted. (Doc. No. 28).

After this Court dismissed those named defendants, Kenan Advantage, the only remaining defendant, filed the present Motion. (Doc. No. 30). Plaintiffs responded to the Motion by requesting that the Court defer its ruling pursuant to Fed. R. Civ. P. 56(d) to allow Plaintiffs to conduct discovery and/or depositions. (Doc. No. 43, "Plaintiffs' Response"). Plaintiffs' Response did not address or acknowledge the motion to dismiss that was contained within the Motion, or present specific facts related to the issue of personal jurisdiction raised via that motion to dismiss; instead, Plaintiffs' Response focused on the need to obtain additional discovery in order to respond to the motion for summary judgment included within the Motion. (*Id.*). Plaintiffs also filed a response to Defendant's Statement of Undisputed Material Facts wherein Plaintiffs responded to each fact by claiming that they were "unable at this time to either dispute the statement herein, or confirm the same" without further discovery. (Doc. No. 44).

The Court granted Plaintiffs' Rule 56(d) request in part, allowing Plaintiffs to take the deposition of Brian Wymer but otherwise denying the request. (Doc. No. 53 at 4). The Court ordered Plaintiffs to take Wymer's deposition within 30 days of its Order and to respond to the Motion within 14 days after receiving the deposition transcript. (*Id.* at 4). On October 8, 2021, Kenan Advantage filed a motion requesting that the Court proceed in ruling on the Motion. (Doc. No. 57). Defendant attached to the motion an email confirmation from a court reporter service

(Doc. No. 57-1) indicating that Wymer's deposition took place on September 8, 2021, in compliance with the Court-imposed deadline of September 21, 2021.[2] (Doc. No. 56). This email, dated September 20, 2021, attached the transcript of Wymer's deposition. (Doc. No. 57-1). Plaintiffs have yet to file any response to the Motion (thus failing to meet the Court-ordered deadline for filing such response). (Doc. No. 56).

On June 14, counsel for Plaintiffs filed a motion to withdraw, explaining that he had been suspended from the practice of law for three years effective May 9, 2022 (Doc. No. 59). The next day, the Court granted the motion to withdraw, giving Plaintiffs thirty (30) days to obtain new counsel, failing which they would be deemed thereafter to be proceeding pro se.[3]

---

[2] Thereafter, the Court granted Plaintiffs' Motion for an extension until September 10, 2021 to complete Wymer's deposition and reaffirmed the requirement that Plaintiffs respond to the pending motion within 14 days after receiving the deposition transcript of Mr. Wymer. (Doc. No. 56).

[3] Nothing about this recent development warrants a delay in the Court's resolution of the Motion based on the record as it exists at this time, and the Court finds that it is high time to resolve the Motion, without further delay, despite the fact that Plaintiffs' counsel happened to withdraw more than eight months after the early October 2021 deadline for Plaintiffs to respond to the Motion.

2. Factual background[4]

In this case, Plaintiffs allege that Plaintiff Thomas Corl, a maintenance mechanic, was injured by liquefied natural gas ("LNG") on March 6, 2018, when a driver hit a valve on a tanker trailer with a crescent wrench while Plaintiff Thomas Corl was assisting the driver in offloading LNG fuel from the tanker. (Doc. No. 1-3 at 4). Plaintiffs allege that when the valve ruptured and the LNG fuel came into contact with Plaintiff Thomas Corl, it severely burned his skin. (*Id*.). Plaintiff Thomas Corl's wife, Plaintiff Eveon Corl, claims the loss of consortium of her husband due to his debilitating injuries. (*Id.* at 5).

The sole remaining defendant, Kenan Advantage, is a holding company for a number of trucking-related companies. (Doc. No. 32 at ¶ 6). Kenan Advantage did not own the tractor or tanker vehicle involved in the incident and played no role in the maintenance of the tractor or tanker vehicle. (*Id.* at ¶ 1, 4). Kenan Advantage also did not employ the driver involved in the incident and played no role in the hiring or training of this individual. (*Id*. at ¶ 2, 4).

---

[4] The facts contained in this section are taken from Defendant's Statement of Undisputed Facts (Doc. No. 32) and (though the Court recognizes that this is, in part, a summary judgment motion whereby allegations in the pleadings will not be taken as true) the Complaint (Doc. No. 1-3). Plaintiffs did not respond to the Statement of Undisputed Facts after obtaining additional discovery via the deposition of Mr. Wymer. Therefore, the Court will treat the facts set forth in Defendant's Statement of Undisputed Facts as true and undisputed for purposes of ruling on the Motion, as required by Local Rule 56.01(f). The Court also includes in this section some "facts" from the Complaint (Doc. No. 1-3) in order to fill in details omitted from the Statement of Undisputed Facts that are critical to understanding the facts underlying this matter (in particular, because the Statement of Undisputed Facts does not discuss any details of the incident that led to the filing of this action). The Court indicates above and further underscores here that those facts taken from the Complaint are allegations only and will not accepted as true for purposes of resolving the summary judgment motion.

## DISCUSSION

1. <u>Motion to Dismiss for Lack of Personal Jurisdiction</u>

    a. *Legal standard (generally)*[5]

Kenan Advantage filed its motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(2), which provides for dismissal of a claim for "lack of personal jurisdiction." A plaintiff bears the burden of establishing personal jurisdiction. *Elcan v. FP Assocs. LTD*, Case No. 3:19-cv-01146, 2020 WL 2769993, at *3 (M.D. Tenn. May 28, 2020). On a 12(b)(2) motion to dismiss, district courts have discretion to either decide the motion on affidavits alone, permit discovery on the issue, or conduct an evidentiary hearing.[6] *Id.* (citing *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991)). Where, as here, the court rules without conducting an evidentiary hearing,[7] the plaintiff's burden of proof is "relatively slight." *Id.* (citing *MAG IAS Holdings, Inc. v. Schmückle*, 854 F.3d 894, 899 (6th Cir. 2017)).

Nevertheless, ""[i]n response to a motion to dismiss, the plaintiff may not stand on his pleadings, but must show the specific facts demonstrating that the court has jurisdiction." *Ramsey v. Greenbush Logistics, Inc.*, 263 F. Supp. 3d 672, 676 (M.D. Tenn. 2017) (quoting *Miller v. AXA Winterthur Ins. Co.*, 694 F.3d 675, 678 (6th Cir. 2012)). "In other words, a 'plaintiff may not simply rest on the bare allegations of the complaint. But uncontroverted allegations must be taken

---

[5] The Court describes herein the legal standard for a motion to dismiss for lack of personal jurisdiction, generally speaking. The inclusion of much of this discussion is superfluous here because, as discussed further below, the Court will not actually reach any substantive analysis on the issue of personal jurisdiction.

[6] Experience shows that courts sometimes do two of these three things, namely, permit discovery on the issue and then either decide the motion on written submissions alone or conduct an evidentiary hearing.

[7] The parties did not request such a hearing, and the Court does not find that the benefits of such a hearing would outweigh its costs (in terms of expenditure of resources by the parties and the Court).

as true, and conflicts between parties over statements contained in affidavits must be resolved in the plaintiff's favor.'" *Johansen v. HomeAdvisor, Inc.*, 218 F. Supp. 3d 577, 583 (S.D. Ohio 2016) (quoting *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1068 (9th Cir. 2015)).

Moreover, when a district court rules on a motion to dismiss under Rule 12(b)(2) without conducting an evidentiary hearing, the court must consider the pleadings and affidavits in a light most favorable to the plaintiff. *Elcan*, 2020 WL 2769993, at *3. The Sixth Circuit has held that a court disposing of a Rule 12(b)(2) motion without an evidentiary hearing should not weigh the controverting assertions of the party seeking dismissal, because "we want to prevent non-resident defendants from regularly avoiding personal jurisdiction simply by filing an affidavit denying all jurisdictional facts." *CompuServe, Inc. v. Patterson*, 89 F.3d 1257, 1262 (6th Cir. 1996) (citation and quotation marks omitted), cited in *Elcan*, 2020 WL 2769993, at *3. "Dismissal in this procedural posture is proper only if all the specific facts which the plaintiff . . . alleges collectively fail to state a *prima facie* case for jurisdiction." *Id.* "In this procedural posture [without an evidentiary hearing], the court does not weigh the facts disputed by the parties but may consider the defendant's undisputed factual assertions." *Camps v. Gore Capital, LLC*, No. 3:17-cv-1039, 2019 WL 2763902, at *4 (M.D. Tenn. July 2, 2019).

It is not necessarily easy to reconcile all of the above-referenced rules with one another, because, at least superficially, they could be understood to say different things about the extent to which the district court must accept as true the allegations of the complaint. But the Court believes that they can be reconciled. And the upshot seems to be this: in opposing a motion to dismiss for lack of personal jurisdiction, a plaintiff cannot rely on mere allegations in the complaint, unless they are uncontroverted by the defendant-movant—in which case they can be accepted as true, as

can the averments in the plaintiff's declarations (even if contradicted) and the defendant's undisputed factual assertions.

When there has been no evidentiary hearing with regard to a motion to dismiss under Rule 12(b)(2), the district court must determine whether a plaintiff has demonstrated personal jurisdiction under a *prima facie* standard, rather than the heavier preponderance of the evidence standard. *Camps*, 2019 WL 2763902, at **4-5. " 'A *prima facie* showing means that the plaintiff has produced admissible evidence, which if believed, is sufficient to establish the existence of personal jurisdiction.' " *Reyes v. Freedom Smokes, Inc.*, No. 5:19-CV-2695, 2020 WL 1677480, at *2 (N.D. Ohio Apr. 6, 2020) (quoting *Death v. Mabry*, No. C18-5444 RBL, 2018 WL 6571148, at *2 (W.D. Wash. Dec. 13, 2018)).

In a diversity case such as this one, a plaintiff must satisfy the state-law requirements (of the state in which the federal court sits) for personal jurisdiction. *Camps*, 2019 WL 2763902, at *5; *Bulso v. O'Shea*, No. 3-16-0040, 2017 WL 563940, at *1 (M.D. Tenn. Feb. 13, 2017) ("Federal courts ordinarily follow state law in determining the bounds of their jurisdiction over persons."), *aff'd sub nom. Bulso v. O'Shea*, 730 F. App'x 347 (6th Cir. 2018). Tennessee law in particular (its so-called "long-arm" statute) authorizes its courts to exercise jurisdiction over persons on "any basis not inconsistent with the constitution of this state or of the United States." *Bulso*, 2017 WL 563940, at *1(citing Tenn. Code Ann. § 20-2-214(a)(6)). Therefore, a court must decide whether the exercise of jurisdiction comports with the limits imposed by federal due process, without having to decide separately whether Tennessee law authorizes the exercise of jurisdiction. *Id.*; *see also Camps*, 2019 WL 2763902, at *5 ("In other words, the jurisdictional limits of Tennessee law and federal constitutional due process are identical, and the two inquiries are merged.").

b. *Waiver of personal jurisdiction*

The Sixth Circuit has concluded that "[t]he requirement that a court have personal jurisdiction is a due process right that may be waived either explicitly or implicitly. The actions of the defendant may amount to a legal submission to the jurisdiction of the court." *Gerber v. Riordan*, 649 F.3d 514, 518 (6th Cir. 2011) (citing *Days Inn Worldwide, Inc. v. Patel*, 445 F.3d 899, 905 (6th Cir. 2006)). "To waive or forfeit a personal jurisdiction defense, a defendant must give a plaintiff a reasonable expectation that it will defend the suit on the merits or must cause the court to go to some effort that would be wasted if personal jurisdiction is later found lacking." *Gerber*, 649 F.3d at 519 (citing *Mobile Anesthesiologists Chi., LLC v. Anesthesia Assocs. Of Hous. Metroplex, P.A.*, 623 F.3d 440, 443 (7th Cir. 2010)).

Here, Defendant moves not only to dismiss for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2), but also (and indeed *primarily*) for summary judgment under Fed. R. Civ. P. 56. The latter motion is one seeking an adjudication from this Court on the merits. *Felix v. Young*, 536 F.2d 1126, 1130 (6th Cir. 1976) ("A District Judge may grant summary judgment only where the prevailing party has demonstrated as a matter of law that he is entitled to judgment on the merits."). Thus, the Court finds that Defendant has waived the right to assert the former basis. *See Boulger v. Woods*, 306 F. Supp. 3d 985, 996 (S.D. Ohio 2018) ("Parties that choose to litigate a case actively on the merits might surrender the right to object to the lack of personal jurisdiction.") (citations omitted); *Brunson v. Capitol Cmg, Inc.*, No. 3:20-CV-01056, 2021 WL 3081327, at *2 (M.D. Tenn. July 21, 2021) (Richardson, J.), *motion to certify appeal denied*, No. 3:20-CV-01056, 2021 WL 3406686 (M.D. Tenn. Aug. 4, 2021) (affirming the soundness of this principle that "the Court has no power to render a merits decision if it lacks personal jurisdiction over the defendant.

Therefore, by asking the Court to pass on the merits, [the defendant] voluntarily submitted to the jurisdiction of the Court").

In *Brunson*, the Court explained why it is appropriate to consider a personal jurisdiction defense waived where the defendant has demonstrated a voluntary submission to the jurisdiction of the Court:

> The reasoning of a case like *Boulger* is quite sound. The gist of a personal-jurisdiction challenge is that although a court somewhere may have the power, consistent with applicable state law and the U.S. Constitution, to adjudicate the plaintiff's claim(s) against the defendant, the court in which the plaintiff filed ("forum court") is not such a court. But if a defendant files an unconditional request for the forum court to rule on the merits (such as a motion under Rule 12(b)(6)), the defendant Is taking the position that the forum court is such a court—thereby waiving any argument that the forum court is not such a court.
>
> Here, Defendant has waived her defense of lack of personal jurisdiction by asking the Court to rule on the merits in the same motion. This Court cannot countenance Defendant asking the Court simultaneously to find that it lacks jurisdiction—*i.e.*, lacks jurisdiction to rule on the merits—and to rule on that merits that the complaint should be dismissed pursuant to Rule 12(b)(6). By making the latter request, Defendant has affirmatively invoked the jurisdiction of this Court and thus can hardly complain about the Court exercising jurisdiction over her person (or about Plaintiff invoking such jurisdiction).

2021 WL 3081327, at *2.

Here, as in *Brunson*, "[t]hings would be different if Defendant had asserted [its] [summary judgment] motion conditionally. That is, if [it] had made clear that [it] was asking the Court to rule in [its] favor on the merits under Rule [56] only if the Court found that it did have jurisdiction over [it], the Court would not have found waiver." *Id*. But Defendant did not do so here, and instead *first* argued that that summary judgment should be granted, and then went on to assert a lack of personal jurisdiction (and did not clearly do so merely in the alternative). For the purpose of waiver of a personal-jurisdiction challenge, it is one thing to say to the court, "you shouldn't rule on the merits in this case because you lack personal jurisdiction over me, but if you disagree and find that

you do have personal jurisdiction over me such that you can rule on the merits, then you should rule on the merits in my favor for X reason)"; it is quite another to say, as Defendant did, "you should rule on the merits in my favor, but if you disagree, then you should find that you lack personal jurisdiction over me." In the latter context, but not the former one, the defendant is trying to have it both ways, and the doctrine of waiver exists to prevent the defendant from having it both ways; having asked the court unqualifiedly to exercise jurisdiction over it by deciding the case on the merits, Defendant cannot then be heard to argue that the Court lacks personal jurisdiction over it.

To put it slightly differently, it is one thing to assert a lack of jurisdiction as Plan A, and then assert a merits-based argument as Plan B only as an alternative, and it is quite another to assert a merits-based argument as Plan A and then assert a lack of personal jurisdiction as Plan B as an alternative. In the latter situation, but not the former, the defendant in effect is saying, "I should win on the merits in this court, but if I don't, the plaintiffs can't win in this court, because the court lacks personal jurisdiction over me." In other words, the defendant is saying, "my position is that you have jurisdiction if it means that I win on the merits, but if I don't win on the merits, then my position is that you don't have jurisdiction." This is untenable.

By asserting unconditionally[8] that the Court should grant it summary judgment under Rule 56, Defendant's Motion entails an unqualified request for the Court to assert jurisdiction over the

---

[8] If Defendant intended to raise its summary judgment motion merely in the alternative (*i.e.*, only if the Court were to deny the personal jurisdiction attack), it was not clear about doing so. Some statements made by Defendant would suggest such an intent; for example, in the Memorandum in Support of the Motion, Defendant refers to the Motion as one for summary judgment *or* to dismiss and states that "[i]n the alternative, [Defendant] moves the Court to dismiss the claims against it for lack of *in personam* jurisdiction." (Doc. No. 31 at 1). And yet, Defendant structures the Motion by *first* asserting its claims on the merits (in parts A and B of the "Argument" section), and then goes on to assert that the Court "has no basis to exercise personal jurisdiction" over it (without stating any qualifications to such assertion or acknowledging that this argument is made only in

claims against it. Further, by moving for summary judgment, Defendant has both given Plaintiffs "a reasonable expectation that it will defend the suit on the merits" and has "cause[d] the court to go to some effort that would be wasted if personal jurisdiction is later found lacking." *Gerber* 649 F.3d at 519. In particular, because Defendant sought a decision on the merits via its motion for summary judgment, it occasioned a responsive Rule 56(d) motion from Plaintiffs that the Court then had to adjudicate.

In sum, the Court finds that by moving unconditionally for summary judgment, Defendant has waived a challenge to personal jurisdiction and thus will deny Defendant's Motion to the extent it seeks dismissal for lack of personal jurisdiction under Rule 12(b)(2).

2. <u>Motion for Summary Judgment</u>

   a. *Legal standard*

Summary judgment is appropriate where there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). "By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). In other words, even if genuine, a factual dispute that is irrelevant or unnecessary

---

the alternative). (*Id.*). Moreover, in the Motion, Defendant states that it is "entitled to summary judgment," but then immediately thereafter states, "*[i]n addition*, and in the alternative, this Court lacks personal jurisdiction over Kenan Advantage Group for Plaintiffs' claims . . ." (Doc. No. 30 at 1). The argument as to lack of personal jurisdiction thus is framed primarily as one "in addition" to, and not purely as an "alternative" to, the merits-based argument; Defendant is asking the Court to decide the case on the merits and then *additionally* find that it lacks jurisdiction (which of course the Court could not do if it finds that it has the jurisdiction to adjudicate Defendant's primary request, which is for summary judgment). Thus, the Court finds that Defendant has not clearly asserted its summary judgment claims as an alternative argument in the event that the Court were to rule against it in adjudicating its lack of personal jurisdiction claim.

under applicable law is of no value in defeating a motion for summary judgment. *See id.* at 248. On the other hand, "summary judgment will not lie if the dispute about a material fact is 'genuine[.]'" *Id.*

A fact is "material" within the meaning of Rule 56(c) "if its proof or disproof might affect the outcome of the suit under the governing substantive law." *Anderson*, 477 U.S. at 248. A genuine dispute of material fact exists if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Harris v. Klare*, 902 F.3d 630, 634-35 (6th Cir. 2018).

The party bringing the summary judgment motion has the initial burden of identifying portions of the record that demonstrate the absence of a genuine dispute over material facts. *Pittman v. Experian Information Solutions, Inc.*, 901 F.3d 619, 627-28 (6th Cir. 2018). If the summary judgment movant meets that burden, then in response the non-moving party must set forth specific facts showing that there is a genuine issue for trial. *Id*. at 628.

A party asserting that a fact cannot be or genuinely is disputed—*i.e.*, a party seeking summary judgment and a party opposing summary judgment, respectively—must support the assertion by citing to materials in the record, including, but not limited to, depositions, documents, affidavits or declarations. Fed. R. Civ. P. 56(c)(1)(A). In reviewing a motion for summary judgment, this court must view the evidence in the light most favorable to the non-moving party. *Tlapanco v. Elges*, 969 F.3d 638, 647 (6th Cir. 2020) (quoting *Anderson*, 477 U.S. at 248). Likewise, the court should view the facts and draw all reasonable inferences in favor of the non-moving party. *Pittman*, 901 F.3d at 628. Credibility judgments and weighing of evidence are improper. *Hostettler v. College of Wooster*, 895 F.3d 844, 852 (6th Cir. 2018). As noted above, where there is a genuine dispute as to any material fact, summary judgment is not appropriate. *Id*. The court determines whether sufficient evidence has been presented to make the issue of fact a

proper jury question. *Id*. The mere existence of a scintilla of evidence in support of the non-moving party's position will be insufficient to survive summary judgment; rather, there must be evidence upon which the jury could reasonably find for the non-moving party. *Rodgers v. Banks*, 344 F.3d 587, 595 (6th Cir. 2003).

On a motion for summary judgment, a party may object that the supporting materials specified by its opponent "cannot be presented in a form that would be admissible in evidence." Fed. R. Civ. P. 56(c)(2). Upon such an objection, the proponent of the supporting material must show that the material is admissible as presented or explain how it could be presented in a form that would be admissible. *Thomas v. Haslam*, 303 F. Supp. 3d 585, 624 (M.D. Tenn. 2018); *Mangum v. Repp*, 2017 WL 57792 at *5 (6th Cir. Jan. 5, 2017) (citing Fed. R. Civ. P. 56(c) advisory committee's note to 2010 amendment).

    b. *Analysis*

Plaintiffs have failed to respond to Defendant's summary judgment motion.[9] If no response is timely filed, a motion shall be deemed to be unopposed. Local Rule 7.01 (a)(3). In addition, if a timely response to a moving party's statement of material facts is not filed, the asserted facts shall be deemed undisputed for purposes of summary judgment. Local Rule 56.01(f). The Court may not grant the summary judgment motion solely because Plaintiffs failed to respond, however. *Mullenix v. Eastman Chemical Co.*, 237 F. Supp. 3d 695, 710 (E.D. Tenn. 2017). The Court, at a minimum, is required to examine the motion to ensure that Defendant has discharged its initial

---

[9] While Plaintiffs technically "responded" to the Motion, they only responded insofar as they requested additional discovery under Rule 56(c). After this request for additional discovery was granted and Plaintiffs deposed Mr. Wymer (as described above), Plaintiffs thereafter failed to respond to the substance of Defendant's summary judgment motion.

burden. *Chrzan v. Mackay*, Case No. 1:19-cv-116, 2020 WL 7774741, at *2 (W.D. Mich. Nov. 30, 2020) (*citing Miller v. Shore Fin. Servs., Inc.*, 141 F. App'x 417, 419 (6th Cir. 2005)).

Plaintiffs bring claims for state-law negligence. (Doc. No. 1-3 at 5). Kenan Advantage argues that the Court should grant it summary judgment because: (1) it is "not a proper defendant," *i.e.*, was "improperly named as a Defendant," because it simply played no role in the incident in question (Doc. No. 31 at 1, 6–9); and (2) the acts of Kenan Advantage's subsidiaries cannot be attributed to it. (*Id.* at 9–10).

In substance, Kenan Advantage's first argument is not that Plaintiffs' naming of it as a defendant was somehow technically "improper," but rather that legally it is not a party that can be held liable for whatever malfeasance or misfeasance Plaintiffs are alleging. The argument is that Kenan Advantage cannot be held legally liable (because of its lack of involvement in the incident at issue). The second argument is geared at nipping in the bud a potential argument that, even if it had no involvement in the incident at issue, it still can be held liable as the parent company of entities that *were* involved in the incident.[10]

The initial question is whether Kenan Advantage has demonstrated preliminarily the absence of a genuine dispute that it cannot be held legally liable for what occurred here even if Plaintiffs could substantiate their allegations as to what occurred here. The Court answers this question in the affirmative because Kenan Advantage has demonstrated preliminarily that (i) it was not involved in the incident at issue in this case, and thus cannot be held liable based on its own involvement; and (ii) Plaintiffs' ostensibly best alternative for establishing Kenan Advantage's liability (its status as parent company for entities that were involved) fails.

---

[10] Though the Complaint does not explicitly proffer the theory that Kenan Advantage should be held liable for the torts of its subsidiaries, such a theory could be implied, and Kenan Advantage was prudent to address why such a theory could not save Plaintiffs' claim.

As for Kenan Advantage's first point, Kenan Advantage has presented affirmative evidence in the form of the Declaration of Brian Wymer, an employee of KAG Services, Inc. (one of Kenan Advantage's subsidiaries), demonstrating that 1) Kenan Advantage did not own the tanker involved in the incident, and 2) Kenan Advantage did not employ the driver of the tanker who was involved in the incident. (Doc. No. 33 at 1–2). Thus, Kenan Advantage has demonstrated preliminarily the absence of a genuine dispute that it was not involved in the incident at issue.

As for Kenan Advantage's second point, the Declaration of Brian Wymer states that the tractor involved in the incident was owned by KAG Leasing, Inc., which is "a wholly-owned subsidiary of Kenan Advantage Group and was at the time of the incident." (Doc. No. 33 at ¶ 7).

As the Sixth Circuit has explained:

> It is well established that a parent corporation and a subsidiary are in law separate and distinct entities, and under ordinary circumstances a contract in terms and in name with one corporation cannot be treated as that of both, and a parent corporation will not be liable for the obligations of its subsidiaries. 1 W. Fletcher Cyclopedia Corporations, § 43 (rev. perm. ed. 1983). In certain instances, courts have permitted the corporate veil to be pierced. But this is generally done to impose liability on a parent corporation, and only after a strong showing of such control of the subsidiary by the parent to effectively render the subsidiary a mere instrumentality of the parent, and of some fraud connected with the use of the parent/subsidiary corporate form.

*Tennessee Valley Auth. v. Exxon Nuclear Co.*, 753 F.2d 493, 497 (6th Cir. 1985). Here, Kenan Advantage has demonstrated preliminarily the absence of a genuine dispute that Kenan Advantage is not liable here for the acts of its subsidiaries.

In short, Kenan Advantage has pointed to evidence indicating preliminarily that Plaintiffs would be unable to raise a genuine dispute of material fact as to the two discernible theories whereby Kenan Advantage could be held liable in this case.

This sort of evidence is not *conclusive* as to whether Kenan Advantage could be held liable, but it certainly suffices to discharge Kenan Advantage's initial burden, as the summary judgment

movant, to show preliminarily the absence of a genuine dispute of material fact as to its lack of liability for whatever occurred. So the burden shifted to Plaintiffs to show the existence of a genuine issue as to whether Keenan Advantage could be liable, and Plaintiffs (having not responded to the Motion at all) failed to meet their burden. Thus, summary judgment will be granted to Kenan Advantage on this unopposed motion.

## CONCLUSION

For the foregoing reasons, the Motion (Doc. No. 30) is **GRANTED IN PART AND DENIED IN PART**. Specifically, it is **DENIED** to the extent that it seeks dismissal for lack of personal jurisdiction under Rule 12(b)(2), but **GRANTED** to the extent that it seek summary judgment under Rule 56. Summary judgment thus is hereby granted to Defendant Kenan Advantage on Plaintiffs' claims.

This Order shall constitute final judgment for purposes of Fed. R. Civ. P. 58, and the Clerk is directed to close the file.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE